USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 97-1999

 WATERS CORPORATION, ET AL.,

 Plaintiffs, Appellants,

 v.

 MILLIPORE CORPORATION, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Douglas P. Woodlock, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Coffin, Senior Circuit Judge,
and Shadur, Senior District Judge.

 Steven G. Bradbury with whom John P. Frantz, Kevin W.
Clancy, Jean Reed Haynes and Peter A. Bellacosa were on brief for
appellants.
 E. David Pemstein and John T. Montgomery with whom Jonathan
M. Zorn was on brief for appellees.

April 3, 1998

 COFFIN, Senior Circuit Judge. This case involves a dispute
between two retirement plans, one of which partially replaced the
other after the company sponsoring the original plan sold one of
its divisions. Appellants are the replacement Waters Corporation
Plan and three persons who are suing both individually and as
trustees of the Waters Plan. They claim that the appellees, the
predecessor Millipore Corporation Plan and various plan
representatives (collectively "Millipore"), proposed to transfer
insufficient assets to cover the vested benefits for the
transferred employees. Appellants seek declaratory and injunctive
relief requiring Millipore to transfer what they believe is the
appropriate amount to the Waters Plan, and also seek a declaration
that Millipore breached its fiduciary duties to participants by
failing to provide complete and accurate information about certain
benefits.
 The district court granted summary judgment for Millipore. 
See Waters Corp. v. Millipore Corp., ___ F. Supp. ___ (D. Mass.
1998). It rejected appellants' argument that the Millipore Plan
included a benefit, termed the "lump sum subsidy," that Millipore
had both concealed and failed to value in calculating the amount of
the fund transfer from Millipore to Waters. The court concluded
that it was "inconceivable" that Millipore would have provided such
a "special bonus" for certain employees in the "convoluted and
circuitous manner" proposed by Waters, and it held that appellees'
interpretation of the Millipore Plan was more consistent with the
plan's overall purpose to provide participants with an assured
minimum level of retirement benefits. The court also concluded
that the information provided by Millipore about an acknowledged
subsidy for early retirees was adequate, and that the defendants
therefore did not breach their fiduciary duty by failing to
disclose more.
 Before oral argument, we raised sua sponte the issue of
jurisdiction, and asked the parties to address both standing and
subject matter jurisdiction. We remain concerned about whether the
Waters Plan and its fiduciaries, in their official roles, are
proper plaintiffs. We need not confront that question, however,
because we are persuaded that, in the circumstances of this case,
the individual plaintiffs have a much more straightforward claim to
standing as "participants" in the Millipore Plan. See 29 U.S.C. 
1132(a)(1)-(3). And because (as we next amplify) the existence of
both jurisdiction and standing as to the individual plaintiffs
enables us to address all of the substantive issues posed by this
appeal, we need not resolve whether there is an added basis for
doing so despite the concerns voiced in note 3.
 Although plaintiffs technically are participating now in the
Waters Plan rather than the Millipore Plan, they are bringing their
claims to protect their as yet unfulfilled rights as participants
in the Millipore Plan. A participant is defined for purposes of
ERISA as "any employee or former employee of an employer or any
member or former member of an employee organization, who is or may
become eligible to receive a benefit of any type from an employee
benefit plan." 29 U.S.C. 1002(7) (emphasis added). SeeFirestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989) (the
term "participant" in ERISA includes "former employees who . . .
have `a colorable claim' to vested benefits"). At the moment, the
Waters' trustees, as individuals, are bringing suit as participants
of the Millipore plan to claim that their vested benefits
potentially are greater than Millipore has acknowledged. Indeed,
Waters asserts in its reply brief that it is "not presently
responsible to any former Millipore employees for any benefits that
accrued while they were working for Millipore and covered by the
Millipore plans." The obligation to pay these benefits, it
explains, will come only after Millipore completes the asset
transfer that is at issue in this case, fulfilling its debt to its
former employees. 
 It would substantially undermine the protection ERISA gives to
pension fund participants if individuals who are owed benefits
stemming from their participation in one plan were foreclosed from
challenging actions related to the transfer of those benefits to a
new plan. See 29 U.S.C. 1058 (benefits after merger,
consolidation or transfer must be equal to or greater than the
benefit to which participant was entitled before the change). No
other party (with the possible exception of a beneficiary) has an
equivalent interest in the nature of that plan's conduct, and even
if the Millipore-Waters deal had been fully consummated -- leaving
the transferred employees unequivocally as participants only in the
successor plan -- their claim to standing would be substantial. 
See Bass v. Retirement Plan of Conoco, Inc., 676 F. Supp. 735, 741
(W.D. La. 1988) ("The practice of the courts has been to disregard
the distinction between participation in the predecessor and
successor plans for standing purposes." (citing cases)). We
therefore hold that the plaintiffs Taymor, Mazar and Berthiaume
have standing to bring this action as participants in the Millipore
Plan.
 Having concluded that we properly may consider the merits of
the appeal, and after careful review of the record and relevant
caselaw, we find ourselves in full agreement with the district
court's thoughtful thirty-five-page decision. Seeing no need to
retread the ground it ably covered in its analysis, we note only
that, even upon de novo review, we are persuaded that the language
and purpose of the Millipore Plan, taken as a whole, are most
consistent with appellees' reading. The district court's treatment
of the early retirement subsidy likewise mirrors our view that the
information provided was adequate to satisfy defendants' fiduciary
duty.
 We therefore AFFIRM the district court's judgment on the basis
of its well reasoned opinion.